Jose R. Garay, Esq., SBN 200494
jgaray@garaylaw.com
**JOSE GARAY, APLC**
9861 Irvine Center Drive
Irvine, CA 92618
Telephone: (949) 260-9193
Fax: (949) 260-9194

Attorneys for Plaintiff, INDICA HEREDIA, on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDICA HEREDIA, individual California resident, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>INTERMOUNTAIN MANAGEMENT, L.L.C., Louisiana, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>Judge:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Wages**<br>2. **Failure to Pay Overtime Wages;**<br>3. **Failure to Provide Meal Periods; or Compensation in Lieu Thereof;**<br>4. **Failure to Provide Paid Rest Periods or Compensation in Lieu Thereof;**<br>5. **Labor Code § 203 Penalties;**<br>6. **Failure to Provide Itemized Statements;**<br>7. **Failure to Permit Record Inspection; and**<br>8. **Unfair Business Practices**<br>**DEMAND FOR JURY TRIAL** |

1

CLASS ACTION COMPLAINT                                                    INTERMOUNTAIN

Plaintiff, INDICA HEREDIA, alleges, on behalf of herself and classes of those similarly situated, as follows:

## I.

## JURISDICTION AND VENUE

1. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (b) because Defendants maintain offices, have agents, are licensed to transact and do transact business, in this district.

## II.

## PARTIES

2. Plaintiff INDICA HEREDIA ("Plaintiff" or "HEREDIA") is a resident of California. Many of the acts complained of occurred in Santa Clara County, California and gave rise to the claims alleged herein.

3. Defendant INTERMOUNTAIN MANAGEMENT, L.L.C. (hereinafter "Defendant(s)" or "INTERMOUNTAIN") is a Louisiana Limited Liability Company with its principal place of business in California. INTERMOUNTAIN is and has been doing business in Santa Clara, California.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants under said fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

5. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects

pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and THE CLASS. Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, the named defendant and defendants DOES 1 through 100 were affiliated and were an integrated enterprise.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other Class Members, and exercised control over the wages, hours, and working conditions of Plaintiff and the other Class Members. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants; and that each defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

//
//
//
//

3

CLASS ACTION COMPLAINT                                           INTERMOUNTAIN

## III.

## SUMMARY OF CLAIMS

7. This is an action by and on behalf of current and former employees of INTERMOUNTAIN MANAGEMENT, L.L.C., a Louisiana Limited Liability Company (hereinafter "Defendant(s)" or "INTERMOUNTAIN"). Defendants employed and continue to employ hourly, non-exempt employees who worked at Defendants hotels under the DBAs Residence Inn by Marriott, Courtyard Inn by Marriott, TownePlace Suites by Marriott, Fairfield Inn & Suites by Marriott, Hampton Inn & Suites by Hilton, Hilton Garden Inn by Hilton, Homewood Suites by Hilton, and other hotel and inn DBAs unknown to Plaintiff at this time and who were not paid all regular and overtime wages, were not provided meal and rest periods in accordance with California law, were not provided wage statements in compliance with California law, and who were not provided their personnel records in compliance with California law, all in violation of California's Unfair Competition Law.

8. These employees thus are and were entitled wags, overtime, rest and meal periods or compensation in liue thereof, accurate wage statements, the right to copy and inspect records as required by California wage and hour law. These employees spend a significant amount of work time working through meal periods, rest periods and off the clock despite the fact that INTERMOUNTAIN know or through reasonable due diligence could have discovered that it was in violation of California wage and hour laws. INTERMOUNTAIN routinely understaffs knowing that scheduled shifts will not permit employees to take their legal meal and rest periods and will require them to work through meal and rest periods as well as off the clock. INTERMOUNTAIN further fails to pay regular wages and overtime despite maintaining a time-keeping system that records all hours worked including when a meal period is not taken. INTERMOUNTAIN

4

CLASS ACTION COMPLAINT　　　　　　　　　　　　　　　　INTERMOUNTAIN

automatically deducts meal period shifts despite having knowledge that a meal period was not provided to its employees. INTERMOUNTAIN further fails to pay wages for illegal "on duty meal periods" at the regular rate of pay and/or overtime rate and fails to pay according to Labor Code section 226.7. Despite Plaintiff's complaint to management, the practices continued until her last date of employment.

9. Plaintiff's duties and responsibilities and those of THE CLASS increased dramatically while she was employed there as a direct result of INTERMOUNTAIN's refusal to hire sufficient manpower, which has strained labor output to the detriment of the proposed class and subclasses. As such, CLASS members were required to work through rest and meal periods without the proper legal compensation.

10. Plaintiff is a former INTERMOUNTAIN employee whose primary duties were non-exempt and who was, and continues to be, misclassified by INTERMOUNTAIN as exempt from the overtime provisions of the applicable state wage and hour laws of California, as described in this complaint.

11. Plaintiff held the title of Manufacturing Engineer and was misclassified in the performance of his primary duties under that title. During his tenure with INTERMOUNTAIN, she performed routine system testing on INTERMOUNTAIN products throughout their manufacturing life cycle, maintained said test procedures, ensured that INTERMOUNTAIN products achieved industry standards and/or INTERMOUNTAIN's pre-defined parameters regarding manufacturability and quality, and deployed institutional fixes in the production of INTERMOUNTAIN hardware, and related products.

12. Plaintiff brings this action on behalf of all persons who were, are, or will be employed by INTERMOUNTAIN in California under the aforementioned title and/or similar title as defined in the complaint at any time

5

CLASS ACTION COMPLAINT                                                   INTERMOUNTAIN

within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "California Class Period"), and who were, are, or continue to be improperly misclassified as exempt from overtime pay under California law.

## IV.

## CLASS ALLEGATIONS

13. Plaintiff brings this cause of action on behalf of herself and on behalf of the CLASS of all persons similarly situated, as more fully explained below and above. This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure ("FRCP") section 23 and other applicable law pertaining to class actions.

14. The proposed Class Plaintiff seeks to represent, sometimes referred to herein as the "Class Members," is presently defined as follows: all current or former non-exempt employees of any of the hotels owned, managed, or operated by Defendants who are, have been, or will be employed in California within four years as of the filing of the lawsuit or any similar job titles. There is a well defined community of interest in the litigation and THE CLASS is ascertainable.

a. **Numerosity**: THE CLASS is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that it is several hundred employees or more.

b. **Common Questions Predominate**: Common questions of law and fact exist as to all Class Members, and predominate over any questions that affect only individual members of THE CLASS. The common questions of law and fact include, but are not limited to:

       i. What were and are the policies, programs, practices, procedures and protocols of Defendants regarding Class Members' scheduling or shifts to ensure that Class Members were afforded the time to take meal and rest periods;

ii. Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 515.5, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

iii. Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for Class Members;

iv. Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding meal periods for Class Members;

v. What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing to THE CLASS Members, upon each payment of wages, itemized statements required by Labor Code section 226;

vi. Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to THE CLASS Members, upon each payment of wages, itemized statements required by Labor Code section 226;

vii. What were and are the policies, programs, practices, procedures and protocols of Defendants regarding permitting THE CLASS Members, upon request, to inspect and copy records, as permitted by Labor Code section 226;

viii. Whether Defendants violated California law by their policies, programs, practices, procedures and protocols when they refused to provide record to THE CLASS Members, upon each request to copy and inspect records, as required by Labor Code section 226;

ix.      Whether Defendants violated Business & Professions Code sections 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this cause of action;

       x.      Whether Defendants voluntarily obtained waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

       xi.      The proper *measure of* damages sustained and the proper measure of restitution recoverable by members of the California Class; and,

       xii.      Additional common questions of law and fact which may develop as the litigation progresses.

    c.    **Typicality**: Plaintiff's claims are typical of the claims of THE CLASS Members. Plaintiff and other Class Members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to Class Members as well as Plaintiff. Plaintiff seeks recoveries for the same types of losses, injuries, and damages as were suffered by the other Class Members as well as Plaintiff.

    d.    **Adequacy**: Plaintiff and his counsel will fairly and adequately protect the interests of THE CLASS Members. Plaintiff has no interest that is adverse to the interests of the other Class Members.

    e.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to class action analysis, the expense and burden of individual

litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action. Individual litigation and claims would also present the potential for inconsistent or contradictory results.

    f.   **Public Policy Considerations**: Defendants, such as INTERMOUNTAIN routinely violate wage and hour laws. Their employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Their former employees are fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment. This reality is of particular concern where employees are misled or are misinformed about the practical consequence of filing individualized claims.

## V.

## CAUSES OF ACTION

### First Cause of Action

*Failure to Pay Wages*

15. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

16. Upon information and belief, Defendants have had a consistent policy of failing to pay wages for all hours worked. Defendants regularly deducted hours worked from Plaintiff and the Class she seeks to represent for post and preliminary activities, automatically deducted regular wages for illegal "on duty meal periods," and rounded hours worked in excess of the amount permitted by law thereby reducing the wages earned and payable as regular wages.

CLASS ACTION COMPLAINT         INTERMOUNTAIN

17. As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 1194 and 1199.

18. WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

## Second Cause of Action

*Failure to Pay Overtime Wages [Labor Code §1194]*

19. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

20. Throughout the period applicable to this cause of action, INTERMOUNTAIN's hotel non-exempt employees similarly situated like Plaintiff and the proposed CLASS Members worked in excess of forty (40) hours per week and/or in excess of excess of eight (8) hours per day and were not paid for all hours worked which were due and payable as overtime.

21. Throughout the period applicable to this cause of action, Defendants did not pay Plaintiff or Class Members at the required overtime rates for the work described in the preceding paragraphs. Pursuant to California Labor Code sections 1194 and 1198 and the IWC Wage Orders, Plaintiff and THE CLASS seek the payment of all overtime compensation which they earned and accrued after four (4) years prior to the filing of the Complaint, according to proof.

22. Pursuant to California Labor Code section 1194, Plaintiff and THE CLASS Members are entitled to recover unpaid overtime compensation, and other unpaid wages, plus interest, plus attorneys' fees and costs.

CLASS ACTION COMPLAINT                    INTERMOUNTAIN

23.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the California Plaintiff and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

24.     WHEREFORE, Plaintiff and THE CLASS Members she seeks to represent request relief as described herein and below.

### Third Cause of Action
*Failure to Provide Meal Periods or Compensation in Lieu Thereof*

25.     Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

26.     By requiring Plaintiff and members of the Class to work periods exceeding five (5) hours without an uninterrupted, off duty thirty (30) minute meal periods and to work periods exceeding ten (10) hours without a second uninterrupted, off duty thirty (30) minute meal period and by requiring Plaintiff and the CLASS to work unlawful "on duty meal periods" and not compensating one hour of pay at their regular rate of compensation for each such occurrence, as alleged above, Defendant willfully violated the provisions of Labor Code sections 226.7, 512 and IWC Wage Orders Nos. 4-1998, 4-2000, and 4-2001. Pursuant to Labor Code sections 226.7 and 512, the Class members seek the payment of all meal period compensation which they are owed, according to proof.

27.     Additionally, Plaintiff and members of the Class are entitled to attorneys' fees, costs, and prejudgment interest.

/ / /

/ / /

### Fourth Cause of Action

*Failure to Provide Rest Periods or Compensation in Lieu Thereof*

28. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

29. By requiring Plaintiff and members of the Class she seeks to represent to work for four (4) hours or a major fraction thereof without a rest period of at least (10) minutes, and failing to provide appropriate compensation in lieu thereof, as alleged above, Defendant willfully violated the provisions of Labor Code sections 226.7 and the IWC Wage Order.

30. Plaintiff and the Class she seeks to represent did not willfully waive through mutual consent with Defendant such rest periods. Plaintiff and the Class members are entitled to an hour of pay for each day that Defendant failed to properly provide one or more rest periods as set forth in the IWC wage orders, in an amount according to proof. Pursuant to labor Code section 226.7, the Class members seek the payment of all rest periods compensation which they are owed according to proof.

31. Additionally, Plaintiff and members of the Class are entitled to attorneys' fees, costs, and prejudgment interest.

### Fifth Cause of Action

*Failure to Pay All Wages Upon Termination of Employment*

32. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

33. Plaintiff and many of the other Class Members quit or were discharged from their employment within the statute of limitations period applicable to this cause of action. As of the filing of this Complaint, Defendants

CLASS ACTION COMPLAINT                                INTERMOUNTAIN

failed to timely pay wages due, and Plaintiff and Class Members are owed penalties pursuant to Labor Code sections 201, 202, 203.

34. Defendants failed to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law. Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

35. Therefore, each of these employees is entitled to one day's wages for each day she or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee. Because none of said employees was ever paid the overtime wages to which she/she was entitled, and was never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

36. WHEREFORE, Plaintiff and THE CLASS she seeks to represent request relief as described herein and below.

### Sixth Cause of Action

*Failure to Furnish Itemized Statements [Labor Code §226(a)]*

37. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

38. Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiff and THE CLASS Members, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

13

CLASS ACTION COMPLAINT                                        INTERMOUNTAIN

39. Plaintiff and THE CLASS Members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled, and because the failures hindered them from determining the amounts of overtime wages owed to them.

40. Plaintiff and THE CLASS Members are entitled to the amounts provided for in Labor Code section 226(e), plus costs and attorneys' fees.

41. WHEREFORE, Plaintiff and THE CLASS she seeks to represent request relief as described herein and below.

## Seventh Cause of Action

*Penalties for Failure to Permit Personnel Record Inspection*

*(Labor Code § 226)*

42. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

43. California Labor Code section 226 permit an employee and his or her representative to inspect or copy records within the times set forth in the codes and to recover a seven hundred fifty dollar ($750) penalty, attorney fees, costs, and bring an action for injunctive relief against the employer for failure to permit inspection and copying of the employee's records, as described in the Code.

44. On or about April 21, 2014, Plaintiff served INTERMOUNTAIN a certified letter demanding that she be permitted to copy and inspect her records. The statutory time to permit inspection and copying has expired pursuant to Labor Code section 226. As of the filing of this lawsuit, INTERMOUNTAIN has refused to comply with its legal obligations and has failed to state any reason for its refusal and failure to comply.

45. On information and belief, INTERMOUNTAIN implements a practice and policy intended to deny its current and former employees their legal right to inspect and copy records. The policy and practice is uniform throughout California and implemented uniformly against Plaintiff and the Class she seeks to represent.

46. Plaintiff and CLASS she seeks to represent have been injured by INTERMOUNTAIN's practice and policy because, among other things, the practice makes it impossible to calculate how much each is legally due in wages, overtime, penalties, premium pay and other legal obligations under California's wage and hour laws. This practice further hinders Plaintiff and Class Members legal right to ensure that INTERMOUNTAIN is in compliance with California law and further hinders them from determining the amounts of wages owed to them pursuant to this lawsuit and related causes of actions.

47. Plaintiff and THE CLASS Members are entitled to the amounts provided for in Labor Code section 226, plus costs and attorneys' fees, as well as the right to seek injunctive relief.

48. WHEREFORE, Plaintiff and THE CLASS she seeks to represent request relief as described herein and below.

### Eighth Cause of Action

*Violation of Unfair Competition Law*

49. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

50. Plaintiff brings this action on behalf of each and all members of the general public, including THE CLASS Members and Plaintiff herself, pursuant to Business and Professions Code sections 17200 *et seq.* Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of

15

CLASS ACTION COMPLAINT                                    INTERMOUNTAIN

Business & Professions Code sections 17200 *et seq.* Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws: each of these violations constitutes an independent and separate violation of the UCL:

    a. California applicable Wage Orders
    b. California Labor Code § 1194;
    c. California Labor Code §§ 201, 202, 203, 204, and 226;
    d. California Labor Code § 512;
    e. California Labor Code § 1174; and,
    f. Other California Labor sections as they may be discovered in the course of litigation.

51. Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition. The harm to California Plaintiffs and the California Class in being wrongfully denied lawfully earned wages and the right to copy and inspect records outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

52. The unlawful and unfair business practices and acts of Defendants, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

53. The California Plaintiff, on behalf of herself and THE CLASS, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day and such

other legal and equitable relief from Defendants' unlawful and willful conduct a the Court deems just and proper.

54. Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action Plaintiff and THE CLASS Members, are entitled to restitution for at least the following: the unpaid overtime earnings and other unpaid earnings withheld and retained by Defendants referred to above.

55. Plaintiff and THE CLASS Members and the general public are also entitled to permanent injunctive and declaratory relief prohibiting INTERMOUNTAIN from engaging in the violations and other misconduct referred to above.

56. Defendants are also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs. The Plaintiff, on behalf of herself and Class members, also seeks recovery of attorneys' fees and costs of this action to be paid by INTERMOUNTAIN, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

57. WHEREFORE, Plaintiff and **THE CLASS** she seeks to represent request relief as described herein and below.

## VI.
## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all members of THE CLASS, pray for relief as follows:

1. That the Court determine that this action may be maintained as a class action;

2. That Plaintiff be appointed the representative of THE CLASS;

3. That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed Class counsel;

4. For unpaid wages at overtime rates for all overtime work and unpaid wages for all work for which they were not paid;

5. For such general and special damages as may be appropriate;

6. For waiting time penalties and civil penalties for all Class Members no longer in Defendants' employ at the time of Judgment;

7. For pre-judgment interest;

8. For the amounts provided for in Labor Code §§ 226(b), 226.7,

9. For the amounts provided for in Labor Code §2699.

10. For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

11. For permanent injunctive and declaratory relief described in the causes of action under Business & Professions Code §§ 17200 *et seq.* and California Labor Code §§ 226 and 1198.5 as delineated above.

12. A declaratory judgment that the practices complained of herein are unlawful under California state law;

13. Attorney's fees and costs of suit, including expert fees pursuant to Ca. Lab. Code §§218.5, 1194, and FRCP section 54(d);

14. Such other injunctive and equitable relief as the Court may deem proper.

DATED: September 3, 2014      JOSE GARAY, *APLC*

By: Jose Garay, Esq., Co-Counsel for Plaintiff, INDICA HEREDIA, on behalf of herself and all others similarly situated.